[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Lynne S. Ott appeals a decision of the defendant commission on human rights and opportunities dismissing the complaint of discrimination that she brought against defendant East Central Mental Health Services, Inc. (ECMHS). The commission acted pursuant to General Statutes 46a-83 and Regs. State Agencies 46a-54-56. The plaintiff's appeal is authorized by 46a-94a
CT Page 3443 and 4-183 of the statutes. The court finds the issues in favor of the defendants.
Although the record in this case is sparse, certain essential facts are not in dispute. The plaintiff suffers from a mental and physical disability and is a recipient of services from the defendant ECMHS. The plaintiff aspired to serve on the board of directors of ECMHS, but the corporation refused to accept her. Following that refusal, the plaintiff filed a complaint with the commission, on June 11, 1992, alleging that ECMHS's action constituted discrimination in public accommodation in violation of General Statutes 46a-64a and discrimination in employment in violation of 46a-60. She claimed the discrimination was based on her disability.
ECMHS formally moved to dismiss the complaint. The commission legal and investigative staff screened the complaint and ECMHS's motion in accordance with its normal practice as authorized by 56a-54-56 of the regulations. The commission then dismissed the complaint without further investigation on the basis that the facts alleged by the plaintiff did not constitute a violation of the public accommodation or employment discrimination statutes as a matter of law.
The plaintiff's original complaint, her petition for reconsideration, and the materials attached to those documents make clear that her purpose in requesting membership on the corporation's board of directors was to obtain "the opportunity to participate and have input in the policy making decisions for (ECMHS)." The plaintiff has not claimed that ECMHS ever denied her any services. Rather, the plaintiff claims that ECMHS denied her the opportunity to be of service to the corporation.
In Quinnipiac Council, Boy Scouts of America, Inc. v. Commission on Human Rights and Opportunities,204 Conn. 287, 301-303 (1987), our Supreme Court held that an organization's rejection of an offer of services does not constitute a violation of the public accommodation discrimination statute even if the rejection is for reasons that would be illegally discriminatory in other circumstances. ECMHS's rejection of the plaintiff's offer CT Page 3444 of services as a member of its board directors is directly analogous to Quinnipiac Boy Scouts' rejection of the complainant's similar offer in that case. In accordance with the Supreme Court's decision in that case, therefore, the plaintiff's claim of discrimination in public accommodation in this case could not be sustained even if ECMHS's action was based solely on her disability. Accordingly, the commission was correct in dismissing her complaint of public accommodation discrimination without further investigation.
The commission also acted correctly in dismissing the claim of employment discrimination. General Statutes46a-60(a)(1), the employment discrimination statute cited by the plaintiff in her complaint provides, in relevant part, that "(i)t shall be a discriminatory practice in violation of this section: (1) For an employer . . . to refuse to hire or employ or to bar or discharge from employment any individual or to discriminate against (her) in compensation or in terms, conditions or privileges of employment because of the individual's . . . present or past history of mental disorder, mental retardation, learning disability or physical disability. . . ."
Generally, a director of a corporation is not an employee, but rather is entrusted with the overall direction and management of the enterprise, including the hiring and firing of employees. See General Statutes33-447(c). In effect, a director acts as the employer rather than as an employee. A person who becomes a director is not, therefore, hired as an employee, but rather joins the firm as one of the employers
In this case, all of the documents submitted by the plaintiff to the commission, including her own arguments and statements, support the commission's implicit finding that a member of ECMHS's board of directors is not an employee of the corporation but is, rather, one of the corporation's managers — that is, an employer. Accordingly, the corporation's rejection of the plaintiff's request to serve on the board, even if based solely on the plaintiff's physical and mental disability, was not a refusal "to hire or employ (her) . . . or to discriminate against (her) in terms, conditions or CT Page 3445 privileges of employment," as prohibited by 46a-60(a), the employment discrimination statute.
In her request for reconsideration to the commission, the plaintiff added the claim that ECMHS's action constituted a violation of 46a-58(a). This statute generally prohibits any person from depriving any other person "of any rights, privileges, or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of . . . physical disability."
The inclusion of this new claim for the first time in the request for reconsideration was obviously untimely. More significantly, however, the plaintiff did not set forth any facts in support of this new claim other than the facts which she had already stated. As noted, those facts do not support a claim of discrimination under either the public accommodation statute or the employment statute, and the plaintiff has not indicated what other "rights, privileges or immunities" under the law were violated by ECMHS's action. In particular, the plaintiff has not set forth any persuasive argument or authority to support the theory that an individual has a specific legal right, independent of other right such as those provided by the anti-discrimination laws, to serve as a member of the board of directors of a corporation. This claim may not be sustained.
The commission's dismissal of the plaintiff's complaint was based on its interpretation of 46a-64
and 46a-60, statutes which the commission is specifically responsible for enforcing. In such a case, the court's role in reviewing the commission's action is quite limited. "Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act . . . and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations CT Page 3446 marks omitted.) Board of Education v. Freedom of Information Commission, 208 Conn. 442, 452 (1988).
Furthermore, "(a)lthough the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection, 226 Conn. 358, 372 (1993). This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where the parties to an administrative appeal advance different interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned so long as it is plausible and not unreasonable. Id. 376.
In the present case, the court views the commission's interpretation of General Statutes 46a-60
and 46a-64 to be reasonable and, in fact, required by the terms of those and other statutes and case law, as indicated above.
In rejecting the plaintiff's appeal in this case, the court does not signal its approval or disapproval of the apparent policy of ECMHS to exclude "primary consumers" from its board of directors. As noted, the court's role here is limited to the narrow legal issues raised by its review of the commission's interpretation of the anti-discrimination statutes which the plaintiff alleged were violated. There may well be other bases for challenging ECMHS's policies in court and elsewhere.
The appeal is dismissed.
MALONEY, J.